72 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Lee BURROUGHS, Defendant-Appellant.
 No. 94-30212.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 13, 1995.
Decided Dec. 6, 1995.
 
 Before: WRIGHT, FERNANDEZ, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Burroughs argues that the trial court erred in denying his motion for judgment of acquittal, because there was insufficient evidence to convict him of conspiracy to distribute methamphetamine. He concedes that there was a conspiracy, but argues that the evidence was insufficient to connect him with it, and that what evidence there was, was unworthy of belief.
 
 
 3
 We review to determine "whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Roston, 986 F.2d 1287, 1989 (9th Cir.1993). We must view all evidence in a light most favorable to the government, United States v. Brandon, 633 F.2d 773, 780 (9th Cir.1980), and leave the weighing of evidence and credibility judgments to the jury, Transgo, Inc. v. AJAC Transmission Part Corp., 768 F.2d 1001, 1023 (9th Cir.1985), though we may disregard inherently improbable testimony. United States v. Ramos-Rascon, 8 F.2d 704, 708 n. 3 (9th Cir.1993).
 
 
 4
 The jury could rationally conclude that Burroughs joined the conspiracy. He brought the methamphetamine to Basden's house, weighed and packaged it for sale, came to two rendezvous planned for its sale, provided a sample to the customer, and was handed the money when the methamphetamine was sold. As for his quibbles with the credibility of the testimony of the other witnesses, the jury could pick and choose what and whom to believe, and there was enough believable testimony to convict Burroughs. Such impeachment as the attack on a witness's memory because he could not recall which pocket the sample came from, was entirely appropriate to help the jury decide whether the witness was worthy of belief, but the jury's decision that the inculpatory evidence was believable was rational. The jury could reasonably conclude that the receipt for the Mustang was concocted by Burroughs, as Basden testified, to fool the jury about why Burroughs has the marked money.
 
 
 5
 Burroughs attacks his sentence on the ground that he should not have been treated as a career offender under U.S.S.G. Sec. 4B1.1. He literally met the standard under the guideline, because he was at least eighteen, was sentenced for a controlled substance offense, and had two prior felony convictions for robbery. His argument is that one of them should not have been counted because it was too old, before the fifteen year period of U.S.S.G. Sec. 4A1.2(e)(1).
 
 
 6
 Literally, the guideline would not make the robbery conviction too old to be considered, because Burroughs was "incarcerated during" the fifteen year period. Id. His theory is that because U.S.S.G. Sec. 4A1.2(k) says that where parole is revoked, the original term of imprisonment should be added to the term imposed on revocation, his incarceration should be treated as though it had been continuous instead of interrupted, which would put it all prior to the fifteen year period.
 
 
 7
 We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Harrington, 923 F.2d 1371, 1375 (9th Cir. 1991). We conclude that the district court was correct. The fifteen year period lets a criminal avoid a sentencing enhancement where he has avoided serious crimes during fifteen years of freedom. The end of incarceration, not the date of sentencing, starts the fifteen year period, because the social concern is whether the individual has behaved himself while free, not just how long ago he was last sentenced. The separate provision for adding the term imposed after a parole revocation to the original term is designed to measure the severity of a past crime by the total amount of time imposed, under the provisions adding 3 points, 2 or 1, depending on the length of a prior sentence of imprisonment. The subsection Burroughs relies on, U.S.S.G. Sec. 4A1.2(k), says to use the "add on" language for subsections (a), (b), and (c), but to use the "date of last release" for purposes of the fifteen year period under subsection (e). There is no reason why, in light of the words and purposes of the guideline sections, the release date for purposes of the fifteen year period should be constructive instead of actual. Use of a constructive release date instead of the actual release date, for purposes of the fifteen year period, is rejected by United States v. Harrington, 923 F.2d 1371 (9th Cir.1991).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3